UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JERMAINE JONES,

               Plaintiffs,                     **MEMORANDUM AND ORDER**
                                                                          13-CV-3504 (RRM)

     -against-

BROOKLYN HOSPITAL; CITY OF NEW YORK;
NEW YORK POLICE DEPARTMENT; COUNTY
OF KINGS,

               Defendants.
-----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

       On June 19, 2013, plaintiff Jermaine Jones filed this pro se complaint pursuant to 28 U.S.C. § 1331 alleging violations of his civil rights. (Doc. No. 1.) The Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983 and grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's claims against Brooklyn Hospital Center, the City of New York, the New York City Police Department and County of Kings are dismissed. As discussed more fully below, plaintiff is granted leave to file an amended complaint within thirty days of the date of this order.

## BACKGROUND

       The following allegations are taken from plaintiff's Complaint. On May 30, 2010, plaintiff went to Brooklyn Hospital because he thought he was having a heart attack. (Compl. at 1.) He subsequently learned that he "actually was suffering from pneumonia." (*Id.*) After having an EKG test, plaintiff was told to return to the hospital waiting area, where he sat down at an unused desk "only to prevent [him]self from passing out on the floor" from pain. (Compl. at 2.) Plaintiff was then asked to move by a security guard, but he "could not move [because] the pain, dizziness and loss of orientation prevented [him] from even responding." (*Id.*) Thereafter,

1

New York Police Department Officers Carpenter and Melanson arrived at the hospital and spoke with plaintiff. (*Id*.) Describing the actions of Officer Carpenter, plaintiff states:

> [He] instantly grabbed me like a rag doll from sitting on the desk and [dragged] me out of the hospital. Then, [he] rammed me into the wall head first - followed by yanking my arm around my back and yelling - 'I should break your fucking arm.' One handcuff was placed on my arm then he was beating me in my back - while simultaneously his partner Melanson was screaming - NO! NO! NO! NO!

(Compl. at 2.) Plaintiff further states: "Carpenter then took the handcuff off of my arm; they wrote me two summonses and told me that I had to leave the hospital." (*Id.*)

Plaintiff then went out to the sidewalk and the officers left. (*See* Compl. at 2.) From the sidewalk, "about to pass out and black out," he called 911 and the Internal Affairs Bureau ("IAB"). (*See id.*) Sergeant Torres and Officer Serita responded to the call. (*See id.*) Plaintiff claims that they were "lying from the very beginning" about being from IAB and were actually Officer Carpenter's supervisors. (*See id*.) Sergeant Torres then walked plaintiff back into the hospital, where plaintiff waited to be seen by a doctor but was ultimately told by Sergeant Torres that he had to leave. (*See id*.) Plaintiff, "in the most agonizing pain ever in [his] life," returned to the sidewalk and called 911 and IAB again. (*Id.*) While plaintiff was on the phone, Officers Carpenter and Melanson "snuck up behind [him] and arrested him" and took him to jail. (*Id*.) According to plaintiff, the officers were laughing as they took him to jail and "having big fun discussing what part of Africa [he] was from." (*Id.*) From jail, plaintiff was taken to Woodhull Hospital, where he was "unable to walk, handcuffed to a hospital bed for weeks, while going through treatments and being threatened by NYPD." (*Id.*)

Plaintiff then appeared in Court "about 100 times over the course of 2010, 2011, 2012 and 2013." (Compl. at 3.) Plaintiff states that he was illegally arrested three times: first, on May 30, 2010; second, after he went to the Brooklyn Bar Association to report what had happened to

him, and third "after Judge Simpson issued a warrant for [his] arrest and [he] was sent to Richter's [*sic*] island." Plaintiff does not provide the dates of his second two arrests. As a result of these experience, plaintiff alleges that he "could have died" and that his "life has been ruined." (*Id.*) Plaintiff seeks $50,000,000.00 in damages. (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

3

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and that the Court is required to read a pro se plaintiff's complaint liberally, interpreting it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing pro se complaints, a district court should not dismiss a pro se complaint without granting the plaintiff leave to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Andersen v. Young & Rubicam Adver.*, 487 Fed. App'x 675, 676 (2d Cir. 2012).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights, but instead is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). A civil rights complaint must contain "specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient" to state a claim under § 1983. *See Morpurgo v. Inc. Village of Sag Harbor*, 697 F. Supp. 2d 309, 341 (E.D.N.Y. 2010) (citations omitted).

## DISCUSSION

### I. Claims Against the Named Defendants

At the outset, the Court notes that plaintiff may not maintain an action against the parties that he names. The New York City Charter provides that "[a]ll actions and proceedings for the

4

recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. *See also*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (finding that the New York City Police Department is not a suable entity); *Hester-Bey v. Police Department*, No. 12 CV 3320, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) (citing *Campbell v. New York City Police*, No. 05 CV 2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under § 1983)); *Little v. City of New York*, No. 05 CV 2873, 2005 WL 1889795, at *1 (E.D.N.Y. July 29, 2005) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them). Thus, plaintiff's claims against the New York City Police Department must be dismissed.

   Plaintiff's claims against the City of New York must also be dismissed since plaintiff has failed to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of plaintiff's federally protected rights. *See Bd. of County Comm'rs of Bryan County, OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted). *See also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact).

Finally, the Brooklyn Hospital Center and County of Kings are not suable entities as they are not "persons" within the meaning of section 1983.

## II. Statute of Limitations

Plaintiff's claims also appear to be time-barred. The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."); *see also Fabal v. City of New York*, No. 09 Civ. 5605, 2011 WL 3652320, at *2 (S.D.N.Y. Aug.19, 2011) (three years after the plaintiff's arrest, the § 1983 statute of limitations ran on any claims associated with the plaintiff's arrest, "including any claims of false arrest and excessive force").

"While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir.2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994)); *see also Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm.") (internal quotation marks omitted); *Rene v. Jablonski*, No. 08 Civ. 3968, 2009 WL 2524865, at *5 (E.D.N.Y. Aug.17, 2009) ("[F]ederal law governs the question of when a Section 1983 claim accrues. Under federal law, 'the time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.' ") (alteration

6

in original) (citations omitted). Plaintiff was arrested and excessive force was allegedly used against him on May 30, 2010. This means that more than three years have elapsed between these alleged events and the filing of the instant complaint on June 19, 2013, and plaintiff's claims would be time-barred.

In New York, the statute of limitations period may be extended if the claimant "is under a disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. § 208. New York also allows equitable tolling when the plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (quoting *Doe v. Holy See* (State of Vatican City), 17 A.D.3d 793, 793 N.Y.S.2d 565 (App. Div. 2005). *See also Koch v. Christie's Intern., PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (citing *Abbas*, 480 F.3d at 642). Here, plaintiff asserts that "Mr. Alan Ross initially had me . . . file a claim with the Comptroller of the City of New York. Mr. Steven Hubert kept saying that we were going to file in Federal Court but we never did. And he specifically told me that I could do anything until the case in court was over - is still pending. The only reason I'm filing now is because again - Mr. Alan Ross told me to[]." (Compl. at 3.) At present, plaintiff has not provided sufficient facts to support equitable tolling.

### III. Leave to Amend

In light of this Court's duty to construe pro se complaints liberally, plaintiff is given 30 days leave to file from the date of this Order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that dismissal of a pro se complaint without leave to amend was improper because the court could not "rule out the possibility" that an amended complaint could state a valid claim). Should plaintiff elect to file an amended complaint, he must set forth the factual allegations to support his claims against all named defendants. Plaintiff

must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe along with their title (for example, Police Officer John Doe or Marshal Jane Doe, etc.). To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights.

Plaintiff must also provide the dates and locations for each relevant event, including every date he claims he was falsely arrested. Plaintiff must also state why his claims related to events that allegedly occurred on May 30, 2010, are not time-barred. Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

If plaintiff fails to file an amended complaint within the allotted time, an order dismissing this action without prejudice shall be entered.

## CONCLUSION

Accordingly, plaintiff's claims against Brooklyn Hospital Center, the City of New York, New York City Police Department and County of Kings are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty days from the date of this Order to submit an amended complaint as detailed above. No summons shall issue at this time and all further

8

proceedings shall be stayed for thirty days. If plaintiff fails to file an amended complaint within the allotted time, an order dismissing this action without prejudice shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to plaintiff and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
        August 5, 2013

9