UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JERMAINE JONES,

                Plaintiff,                               **MEMORANDUM AND ORDER**
                                                                               13-CV-3504 (RRM) (VVP)

        -against-

BROOKLYN HOSPITAL; CITY OF NEW YORK;
NEW YORK POLICE DEPARTMENT; and COUNTY
OF KINGS,

                Defendants.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

       On June 19, 2013, plaintiff Jermaine Jones, proceeding *pro se*, filed a complaint pursuant to 28 U.S.C. § 1331 alleging violations of his civil rights. (Doc. No. 1.) On August 5, 2013, the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the complaint with leave to amend by September 4, 2013. (Doc. No. 4.) The Court cautioned plaintiff that if he failed to amend the complaint within the allotted time, the Court would enter an order dismissing this action without prejudice. (*Id.*)

       On August 19, 2013, plaintiff requested that the Court appoint him counsel and further extend his time to amend the complaint. (Doc. No. 5.) On August 27, 2013, the Court denied without prejudice plaintiff's motion to appoint counsel and extended plaintiff's time to amend until September 30, 2013. (Aug. 27, 2013 Order.) The Court reiterated that if plaintiff failed to amend the complaint within the allotted time, 2013, the Court might enter an order dismissing this action without prejudice. (*Id.*) On September 25, 2013, plaintiff filed another motion requesting that the Court appoint him counsel and extend his time to amend. (Doc. No. 8.) The Court construes plaintiff's motion liberally as a motion for reconsideration of the August 27, 2013 Order denying his request to appoint counsel.

1

For the reasons that follow, plaintiff's motion for reconsideration is denied, and plaintiff's motion for an extension of time to amend his complaint is granted.

## DISCUSSION

**I.** **<u>Motion for Reconsideration</u>**

Local Civil Rule 6.3 governs motions for reconsideration, which are subject to the Court's discretion. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). The standard for granting a motion for reconsideration is strict, and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the movant must demonstrate that the factual matters or controlling precedent overlooked by the court "w[as] presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc. Sec. Litig.*, No. 04-CV-4165, 2007 U.S. Dist. LEXIS 47405, at *7 (E.D.N.Y. June 29, 2007) (citation omitted). Furthermore, "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" will warrant reconsideration. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

However, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Williams v. Possessions Court*, No. 12-CV-2956, 2012 WL 2861590I, at *1 (E.D.N.Y. July 11, 2012) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The court should, therefore, not grant reconsideration where the movant seeks solely to re-litigate a previously decided issue. *See In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

Applying this standard, the Court finds that plaintiff's motion for reconsideration lacks merit. Plaintiff makes no new factual or legal arguments. Nor does he argue that the Court erred or committed manifest injustice in denying his request to appoint counsel. Accordingly, plaintiff's motion for reconsideration is denied.

**II.     Motion for Extension of Time to Amend Complaint**

Plaintiff indicates in his motion that he must leave town because his grandmother passed away. In light of this unfortunate situation, the Court hereby extends plaintiff's time to amend the complaint until November 25, 2013. By that date, plaintiff shall file an amended complaint, which must be clearly labeled "Amended Complaint" and bear the same docket number, 13-CV-3504. If plaintiff fails to file an amended complaint by November 25, 2013 the Court will enter an order dismissing this action without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court denies plaintiff's motion for reconsideration, and grants plaintiff an extension of time until November 25, 2013 to file an amended complaint. Should plaintiff fail to make such filing, the Court will dismiss this action without prejudice.

The Clerk of Court shall mail a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       October 1, 2013