UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JERMAINE JONES,

                Plaintiff,

-against-

BROOKLYN HOSPITAL; CITY OF NEW YORK;
NEW YORK POLICE DEPARTMENT; and COUNTY
OF KINGS,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-3504 (RRM) (VVP)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 13 2014 ★
BROOKLYN OFFICE

ROSLYNN R. MAUSKOPF, United States District Judge:

On June 19, 2013, plaintiff Jermaine Jones, proceeding *pro se*, filed a complaint pursuant to 28 U.S.C. § 1331 alleging violations of his civil rights. (Doc. No. 1.) On August 5, 2013, the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the complaint with leave to amend by September 4, 2013. (Doc. No. 4.) The Court cautioned plaintiff that if he failed to amend the complaint within the allotted time, the Court would enter an order dismissing this action without prejudice. (*Id.*)

On August 19, 2013, plaintiff requested that the Court appoint him counsel and extend his time to amend the complaint. (Doc. No. 5.) On August 27, 2013, the Court denied, without prejudice, plaintiff's motion to appoint counsel and extended plaintiff's time to amend until September 30, 2013. (Aug. 27, 2013 Order.) The Court reiterated that if plaintiff failed to amend the complaint within the allotted time, the Court might enter an order dismissing this action without prejudice. (*Id.*)

On September 25, 2013, plaintiff filed a second motion to appoint counsel and extend his time to amend. (Doc. No. 8.) The Court (1) construed plaintiff's request for counsel as a motion to reconsider the August 27, 2013 and denied that request; and (2) granted plaintiff an

1

extension until November 25, 2013 to file an amended complaint, cautioning that if plaintiff failed to make such filing, the Court would dismiss this action without prejudice. (Oct. 1, 2013 Order (Doc. No. 9).) Although the Court mailed a copy of the October 1, 2013 Order to plaintiff at the address he provided, the mailing was returned to the Court as undeliverable.

On October 29, 2013, plaintiff filed a third motion to appoint counsel and extend his time to amend. (Doc. No. 10.) On November 1, 2013, the Court (1) granted plaintiff an extension, until December 20, 2013, to file an amended complaint; (2) cautioned plaintiff that the Court would not be inclined to grant him any further extensions, and that if he failed to file an amended complaint by December 20, 2013, the Court would dismiss this action without prejudice; (3) denied plaintiff's request to appoint counsel; and (4) informed plaintiff that the Court would not address the request for counsel again. (Nov. 1, 2013 Order (Doc. No. 11).) Again, the Court mailed a copy of the Order to plaintiff at the address he provided, but the mailing was returned as undeliverable.

On November 20, 2013, plaintiff filed a fourth motion for an extension. (Doc. No. 13.) The Court denied the motion on November 22, 2013, explaining that plaintiff did not provide good cause for the Court to grant a fourth adjournment. (Nov. 22, 2013 Order.) The Court reiterated that if plaintiff failed to file an amended complaint by December 20, 2013, the Court would dismiss this action without prejudice. (*Id.*) The Court mailed a copy of the Order to plaintiff at the address he provided, but the mailing was returned as undeliverable.

On December 3, 2013, plaintiff filed a fifth motion for an extension. (Doc. No. 15.) In the motion, plaintiff states that he is aware of his December 20, 2013 deadline to amend, and that he needs to "put in for a change of address" but "currently do[esn't] have that information." (*Id.*) On December 5, 2013, the Court denied the motion for the same reasons set forth in the

November 22, 2013 Order, and directed plaintiff to provide his current address. (Dec. 5, 2013 Order.)

On December 9, 2013, plaintiff filed a letter advising the Court of his new address and repeating his request for an extension. (Doc. No. 16.) Two days letter, plaintiff filed another letter advising the Court of a different new address and alleging that the New York City Human Resources Administration had evicted him from the prior address for the sole purpose of preventing him from meeting this Court's deadline. (Doc. No. 18.) In the subsequent eight days, plaintiff filed three more letters requesting an extension. (Doc. Nos. 19–21.) Plaintiff failed to amend his complaint by the December 20, 2013 deadline. On December 26, 2013, plaintiff filed another letter requesting an extension. (Doc. No. 23.) Plaintiff does not, in any of the letters he filed in December 2013, provide good cause for a further extension.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice. The Clerk of the Court is directed to enter judgment accordingly, close this case, and mail copies of this Memorandum and Order, and the accompanying Judgment, to plaintiff at the address the docket lists for him.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal.

SO ORDERED.

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       January 13, 2014